IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In re:

JODY LEE BEACH
RHONDA B. BEACH,                                Bankruptcy Case No. 21-10762-13t

      Debtors.

IRON HORSE WELDING, LLC,

      Appellant,

                                                        USBC Adv. No. 21-1028-T

vs.

                                                        USDC No. 1:22-cv-00842-DHU-LF

JODY LEE BEACH and
RHONDA BEACH,

      Appellees.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      THIS MATTER comes before the Court on appellees' Jody and Rhonda Beach's Amended Motion to Dismiss Appeal, filed on January 18, 2023.  Doc. 9.  Appellant Iron Horse Welding, LLC, filed its response on January 25, 2023.  Doc. 10.  The Beaches filed their reply on January 31, 2023.  Doc. 11.  The Honorable District Judge David H. Urias referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case."  Doc. 2. Having read the submissions of the parties and reviewed the relevant law, I find that the Beaches' motion is not well taken, and I recommend that the Court DENY it, albeit without prejudice with regard to the mootness issue.

      On November 7, 2022, Iron Horse filed a Notice of Appeal in this Court.  The notice indicated that Iron Horse was appealing the bankruptcy court's final judgment, the opinion

supporting the final judgment, the order granting defendant's motion for partial summary judgment, and the opinion supporting that motion. *Id*. at 2. Appellees Jody and Rhonda Beach filed their amended motion to dismiss appeal on January 18, 2023. Doc. 9. The Beaches raised two issues in their motion. First, they argue that the appeal should be dismissed because appellant Iron Horse failed to properly designate the record.[1] *Id*. at 2–3. Second, the Beaches assert that the appeal is moot based on the trial court's findings of fact in their favor. *Id*. at 3–5.

In response, Iron Horse clarified that it is appealing only the bankruptcy court's order on the Beaches' motion for partial summary judgment in which the trial judge found that Iron Horse's claims for all but about 25 of the credit card charges was made more than four years prior to bringing the adversary proceeding and therefore were barred by the statute of limitations. *See* Doc. 10 at 3 ("[Iron Horse] only raises issues concerning and only asks the Court to examine the Bankruptcy Court's Order Granting Defendants' Motion for Partial Summary Judgment and Opinion in support thereof."). Iron Horse has properly designated the record with regard to the motion for partial summary judgment. *See* Doc. 1-1 at 24–36.

In the Beaches' reply, they appear to abandon the argument that Iron Horse failed to properly designate the record. *See* Doc. 11. Instead, they insist that the appeal is still moot. Doc. 11 at 2–3. The Beaches' motion and reply, however, are completely devoid of any legal authority with regard to the standards for determining mootness, and how the record demonstrates that the appeal is moot based on those standards. *See* Doc. 9 at 3–4; Doc. 11 at 2–

---

[1] The Beaches also argue that the Court should summarily affirm the Court's findings of fact because Iron Horse has not shown that these findings are clearly erroneous. *See* Doc. 9 at 3. The Beaches acknowledge that this argument may be premature—which it obviously is—because Iron Horse has not yet filed its brief-in-chief and has not had the opportunity to show that that the findings are clearly erroneous. *Id*. The Beaches may argue this point in their brief on the merits, but the Court will not rule on it now.

3.  The Court cannot appropriately address the mootness arguments without adequate briefing—including relevant legal authority and citations to the record—from both parties.  The Beaches may raise the mootness issue in response to whatever arguments Iron Horse may make in its brief-in-chief, but the Court cannot resolve this issue as presented in the motion to dismiss.

Because Iron Horse has designated the proper portions of the record necessary for this appeal, I recommend that the Court deny the Beaches' motion to dismiss with regard to that issue.  I further recommend that the Court deny the Beaches' motion to dismiss based on mootness without prejudice to them raising this issue in the merits briefing.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.*  **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge

3